IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.   Criminal No. 1:12cr1

Harvey J. Brewer,

*Defendant.*

## MEMORANDUM OPINION/REPORT AND RECOMMENDATION

Defendant, Harvey J. Brewer, filed handwritten motions with the Clerk of the Court, the first being a motion for dismissal of the indictment on the grounds that: 1) because he was "removed from the compound at F.C.I. Gilmer Satellite Camp and placed in special housing for an alleged escape" on August 28, 2010; "was questioned by special agent ... Kocsis and advised to sign a financial affidavit for counsel" on September 20, 2010; "on March 12, 2011 ... was told by Counselor C. Taylor that he had charges pending"; "was appointed counsel" on March 17, 2011; "was given discovery material and tendered a plea agreement" on March 23, 2011; "was fingerprinted" on August 4, 2011, but was not indicted until January 4, 2012 without a criminal complaint first being filed, his rights to be indicted within a certain time of his arrest was violated and his right to a speedy trial was violated [DE 22] and 2)  indictment without a prior criminal complaint being filed deprived Defendant of due process and "the opportunity ... to rebut on counter-claim the probable cause which led to an indictment and arrest [DE 22]. The motions were filed February 22, 2012.

By order entered February 23, 2012 bearing Docket Entry Number 24 the motions were referred to the undersigned Magistrate Judge.

On February 23, 2012 by order bearing Docket Entry Number 25, the undersigned scheduled and noticed the aforementioned motions for hearing on March 2, 2012.

In accord with Court's order [Docket Entry 25], on March 2, 2012, came the Defendant, in person, and by his counsel, Katy Cimino, and also came the United States by her Assistant United States Attorney, Brandon S. Flower. Thereupon, the Court inquired of Defendant's counsel of record as to whether she adopted any of Defendant's motions. Counsel for Defendant advised the Court that she did not adopt any of the motions. Thereupon, the Court inquired of the Defendant, under oath whether he desired to proceed *pro se*, representing himself without counsel, to which inquiry Defendant advised the Court that he did not desire to proceed without counsel. The Court thereupon noted, on the record, that Defendant had not been given prior permission to file any of the motions at issue and had not been given permission by the Court for "hybrid representation."

A number of jurisdictions outside of the Fourth Circuit have addressed the situation where a Defendant who is represented by counsel attempts to have the Court consider motions filed *pro se* and which were not adopted by counsel.

In *Downs v. Hubbert*, 171 Fed. Appx. 640 (9th Cir. 2006) 2254, a case not appropriate for publication, the Court held: "Appellant's pro se motions are denied because appellant is represented by counsel, and only counsel may file motions."

In *U.S. v. Christian*, 193 Fed. Appx. 800 (10th Cir. 2006) 2255, another case not selected for publication, Christian sought §2255 relief from a sentence due to alleged ineffectiveness of counsel. The Magistrate Judge conducted a hearing and recommended denial of Christian's motion. Christian filed a pro se request for certificate of appealability and a request to proceed *in forma pauperis*. His habeas counsel filed a notice of appeal and a request to proceed *in forma pauperis*. "Because he was represented by counsel, the district court denied Christian's pro se motions."

In *Vitatoe v. Jones*, 810 F.2d 204 (6th Cir. 1986), the Court found: "[D]efendant does not have a Constitutional right under Tennessee Constitution to both represent himself and be represented by counsel" citing *State v. Burkhart*, 541 S.W.2d 365 (Tenn. 1976), and *State v. Muse*, 637 S.W.2d 468 (Tenn Crim. App. 1982); "no error for trial court to refuse to consider *pro se* motions filed in violation of time requirements and when Defendant was also represented by council."

In *U.S. v. Sandles*, 2008 WL 275684 (EDMich, 2008), Defendant filed two *pro se* motions to recuse trial judge and counsel filed a motion to recuse the trial judge. The Court stated: "Since Sandles is represented by counsel, his *pro se* motions for recusal shall be stricken and this court shall consider only the motion filed by counsel."

In *U.S. v. Young*, 2009 WL 163045 (E.D.Pa., 2008), Young, represented by counsel since arraignment, filed eight *pro se* motions, but the Court declined to consider the motions ruling: "A criminal Defendant has a right to counsel. He may alternately proceed *pro se*, provided that he waives his right to counsel. However, a criminal Defendant has no right to 'hybrid' representation, that is, representation both *pro se* and by counsel in the same proceeding" (internal citations omitted). Citing a litany of cases, the Court held "because Young was not entitled to 'hybrid' representation both *pro se* and by counsel, the Court will not consider his *pro se* motions, except those that have been adopted by his counsel in connection with the motion to withdraw guilty plea." In FN8, the Court held: "Even if the Court were to consider the *pro se* motions, they would be denied." The court went further by discussing each motion and the reason it would be denied within the footnote.

In *United States v. Essig*, 10 F.3d 968, 973 (3rd Cir., 1993), the Court held that a court need not consider *pro se* motions filed by a Defendant who is represented by counsel.

In *United States v. Vampire Nation*, 451 F.3d 189, 206 n. 17 (3d Cir. 2006), the Court noted: "We observe that the District Court docket is replete with *pro se* motions that Banks filed while represented by counsel. We note that the District Court, perhaps in an attempt to retain control of the proceedings in the face of the [defendant's] onslaught of *pro se* motions, ordered on March 8, 2005, that the Clerk of Court was not to accept any further *pro se* filings from Banks. The District Court was within its authority to do so."

Following the reasoning of *Young, Essig* and *Vampire Nation,* this Court then stated on the record of the hearing that, as a general rule, it would not permit defendants, who were not proceeding *pro se* or under the grant of hybrid representation, to file their own motions when those motions were not adopted by counsel. If permitted to do so, the Court and the government would be forced to respond in every instance to every motion whether spurious or otherwise. The Court, therefore recommends denial of the motions as improvidently filed.

Next, the motions filed by Defendant are untimely. By initial scheduling order entered January 20, 2012 [DE 18] Defendant Brewer's motions were due by February 6, 2012. Responses to any motions filed were due February 16, 2012. For motions referred and requiring a hearing, a hearing dated of February 21, 2012. Defendant Brewer filed his pro se motions on February 22, 2012. Defendant's case is set for trial on March 20, 2012.

> "Trial Courts have broad discretion in whether to grant or deny untimely motions. Ordinarily, when a district court denies a motion to file out of time, and thus declines to rule on the merits of the search warrant, we would refuse to entertain any challenge of it on appeal. See United States v. Mangieri, 694 F.2d 1270, 1283 (D.C.Cir.1982) (appellate review of district court's rejection of untimely motion "is limited"). *Compare also* United States v. Ulloa, 882 F.2d 41, 43 (2d Cir.1989) (failure to make timely motion constitutes waiver of that right even where trial court considers the merits), and United States v. Oldfield, 859 F.2d 392, 396 (6th Cir.1988) (issues raised in untimely motion to suppress are waived on appeal "even though the district court rules on the merits"), *with* United States v. Vasquez, 858 F.2d 1387, 1389 (9th Cir.1988) (when "district court considers and resolves an untimely

suppression motion on its merits, we may review that decision on appeal"), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 978 (1989), and *United States v. Contreras,* 667 F.2d 976, 978 n. 2 (11th Cir.) (merits of suppression motion properly before court of appeals because district court entertained and ruled on merits), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). However, we may reach the merits of the suppression issue if the district court committed clear error in denying the defendant's request to file out of time. *See, e.g., United States v. Jones,* 619 F.2d 494, 497 (5th Cir.1980) (district court abused its discretion in denying motion to suppress because "[g]overnment was not prejudiced by any delay"). United States v. Chavez, 902 F.2d 259, 262-263 (4th Cir. 1990).

It is apparent that the sole reason Defendant has for not timely filing is that he presented and discussed the motions with his court appointed Federal Defender who declined to file them or adopt them. Thereafter Defendant took it on himself to prepare and file the motions his attorney would not. Due to the simplicity of the motions, the United States is not prejudiced by the late filing or by permitting the matter to be heard on the merits. Out of an overabundance of caution, the undersigned will discuss the merits of the motions rather than rest on a procedural default basis for recommended denial.

The motions have no legal merit.

Defendant mistakenly relies on F.R.Crim.P. 5(d) and 9 as support for his claim that "the prosecution has removed the opportunity of the Defendant to rebut on counter-claim the probable cause, which lead to an indictment. First, there is no requirement that Defendant be charged with a criminal complaint and arrest warrant issued by an impartial magistrate as a pre-requisite to the return of an indictment by a Constitutional impaneled grand jury. 18 USC §3161 (b). F.R.Crim.P 7(a)(1) provides: Felony. "An offense (other than criminal contempt) must be prosecuted by indictment if it is punishable: (A) by death; or (B) by imprisonment for more than one year." Pursuant to section (a)(2) of the same rule "An offense punishable by imprisonment for one year or less may be prosecuted in accordance with Rule 58(b)(1). F.R.Crim.P. 58(b)(1) provides: "The trial

of a misdemeanor may proceed on an indictment, information, or complaint." In the instant case, Defendant Brewer is charged by indictment with felony escape from prison. The only way a felony charge can proceed to trial is by indictment. In addition, there is no requirement that Defendant be given an opportunity to rebut probable cause before an indictment is returned.

Defendant Brewer next argues that the delay between the alleged incident and indictment and the placement of him in the special housing unit resulted in him not being able to receive a referral for up to one year of pre-release time and "removed my opportunity to stage a alibi defense under Rule 12 as most of the inmates that were at the institution's camp are now either at another institution, released from prison, or could have forgot the events of that night. ... I was unable to locate a number of inmates who may have saw me on the compound during the time frame in question." [DE21]. The Fourth Circuit held in U.S. v. Stinson, 594 F.2d 982, 984 (4th Cir. 1979) that the delay of one year after the government's last purchase of weapons from defendant, 8 months of which were attributable to the United States, did not violate Stinson's rights under the due process clause of the fifth amendment citing United States v. Lovasco, 431 U.S. 783, 796 (1977) for the proposition that "Due process is not violated simply because the defendant is prosecuted after a substantial investigative delay." The court further found that the sixth amendment guarantee of a speedy trial was not relevant because Stinson had been arrested after he was indicted. In United States v. Marion, 404 U.S. 307, 325 (1971). In the absence of actual prejudice to the conduct of the defense caused by the delay and that the government has "intentionally delayed to gain some tactical advantage" or to harass him, no claim of denial of a violation of the Fifth Amendment rights is cognizable. First, Brewer was placed in administrative segregation in the SHU on August 28th 2010 following the alleged escape. Placing of an individual in administrative segregation is not an arrest. To the extent Defendant contends his August 28th administrative segregation within the SHU at

Gilmer constitutes a triggering arrest within the meaning 18 USC § 3161(b), Defendant is raising the same contention raised in and rejected by numerous courts including the Fourth Circuit. *United States v. Beason*, 128 Fed. Appx. 974 (4th Cir.2005) (a decision not selected for publication holding that federal prisoner's confinement in administrative segregation did not equate to arrest or accusation for Sixth Amendment purposes and therefore a prisoner's pre-indictment detention in administrative segregation for eleven months did not trigger his speedy trial rights). The same decision has been rendered in *United States v. Moore*, 116 Fed. Appx. 421 (4th Cir.2004)(also not selected for publication); *Fisher v. Vannatta*, 109 Fed. Appx 804 (7th Cir.2004)(not selected for publication); *United States v. Schaffer*, 201 F.3d 449 (10th Cir.1999); *United States v. Jackson*, 19 F.3d 30 (9th Cir.1994)(unpublished); and *United States v. Blevin*, 593 F.2d 646 (5th Cir.1979). Moreover, there is no credible evidence offered to this Court that the delay from August 28, 2010 to January 4, 2012 Indictment (1 year and 3+ month) was intentional on the part of the United States to gain a tactical advantage or to harass Brewer. The bare allegation in Brewer's cover letter to the Court that the delay made finding potential alibi defense witnesses difficult was not included in any declaration filed in support of the motion nor was it supported by credible evidence. Brewer did not even identify witnesses who he thought would provide him with an alibi defense and explain how those witnesses were no longer available because of the delay. The undersigned concludes Defendant has failed to establish any actual prejudice suffered by reason of the delay much less that the United States caused the delay intentionally in order to obtain a tactical advantage by moving inmates releasing inmates or by facilitating the fading of memories of potential witnesses.

18 USC §3161(b) provides a defendant must be charged by information or indictment "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Defendant Brewer was not arrested or summonsed prior to his

indictment. Contrary to Defendant Brewer's expressed beliefs, his recapture and placement in the special housing unit is not an arrest. The Court in United States v. Sairafi, 801 F2d 691, 692 (4th Cir. 1986 held:

> "[t]he right to a speedy trial on a charge is triggered by arrest only where the arrest is the beginning of continuing restraints on defendant's liberty imposed in connection with the formal charge on which the defendant is eventually tried," while by contrast, the recapture of an escaped offender occurs because "defendant is subject to recapture and continued custody based on his original conviction." [internal citations omitted].

Since Defendant was not arrested prior to indictment, his speedy trial rights are not implicated until that arrest took place. This is consistent with 18 USC §3161(c) (1). Defendant's speedy trial rights attached with his arrest incident to the indictment of January 4, 2012.

For the reasons herein stated, the undersigned accordingly recommends Defendant Brewer's pro se motions [DE 22] be **DENIED**.

Any party may, within fourteen (14) days after being served with a copy of this Memorandum Opinion/Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Memorandum Opinion/Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Memorandum Opinion/Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail an authenticated copy of this Report and

Recommendation to counsel of record.

Respectfully submitted this 2nd day of March, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE