# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
   *Plaintiff*,

*vs.*                Criminal No. 1:12cr1

**HARVEY J. BREWER,**
   *Defendant.*

## MEMORANDUM OPINION/REPORT AND RECOMMENDATION

Defendant, Harvey J. Brewer, filed a *pro se* handwritten motion to suppress on March 8, 2012 [D.E. 35]. The United States filed is Response to the Motion on March 14, 2012 [D.E. 48]. By order entered February 23, 2012 bearing Docket Entry Number 24, all pretrial motions were referred to the undersigned Magistrate Judge. The undersigned scheduled the motion for hearing on March 15, 2012.

In accord with Court's order, on March 15, 2012, came the Defendant, in person, and by his counsel, Katy Cimino, and also came the United States by her Assistant United States Attorney, Brandon S. Flower. Thereupon, the Court inquired of Defendant's counsel of record as to whether she adopted Defendant's motion to suppress. Counsel for Defendant advised the Court that she did not adopt the motion. The Court thereupon noted, on the record, that Defendant had not been given prior permission to file the motion at issue and had not been given permission by the Court for "hybrid representation."

A number of jurisdictions outside of the Fourth Circuit have addressed the situation where a Defendant who is represented by counsel attempts to have the Court consider motions filed *pro se* and which were not adopted by counsel.

In *Downs v. Hubbert*, 171 Fed. Appx. 640 (9th Cir. 2006) 2254, a case not appropriate for publication, the Court held: "Appellant's pro se motions are denied because appellant is represented by counsel, and only counsel may file motions."

In *U.S. v. Christian*, 193 Fed. Appx. 800 (10th Cir. 2006) 2255, another case not selected for publication, Christian sought §2255 relief from a sentence due to alleged ineffectiveness of counsel. The Magistrate Judge conducted a hearing and recommended denial of Christian's motion. Christian filed a pro se request for certificate of appealability and a request to proceed *in forma pauperis*. His habeas counsel filed a notice of appeal and a request to proceed *in forma pauperis*. "Because he was represented by counsel, the district court denied Christian's pro se motions."

In *Vitatoe v. Jones*, 810 F.2d 204 (6th Cir. 1986), the Court found: "[D]efendant does not have a Constitutional right under Tennessee Constitution to both represent himself and be represented by counsel" citing *State v. Burkhart*, 541 S.W.2d 365 (Tenn. 1976), and *State v. Muse*, 637 S.W.2d 468 (Tenn. Crim. App. 1982); "no error for trial court to refuse to consider *pro se* motions filed in violation of time requirements and when Defendant was also represented by council."

In *U.S. v. Sandles*, 2008 WL 275684 (EDMich, 2008), Defendant filed two *pro se* motions to recuse trial judge and counsel filed a motion to recuse the trial judge. The Court stated: "Since Sandles is represented by counsel, his *pro se* motions for recusal shall be stricken and this court shall consider only the motion filed by counsel."

In *U.S. v. Young*, 2009 WL 163045 (E.D.Pa., 2008), Young, represented by counsel since arraignment, filed eight *pro se* motions, but the Court declined to consider the motions ruling: "A criminal Defendant has a right to counsel. He may alternately proceed *pro se*, provided that he

2

waives his right to counsel. However, a criminal Defendant has no right to 'hybrid' representation, that is, representation both *pro se* and by counsel in the same proceeding" (internal citations omitted). Citing a litany of cases, the Court held "because Young was not entitled to 'hybrid' representation both *pro se* and by counsel, the Court will not consider his *pro se* motions, except those that have been adopted by his counsel in connection with the motion to withdraw guilty plea." In FN8, the Court held: "Even if the Court were to consider the *pro se* motions, they would be denied." The court went further by discussing each motion and the reason it would be denied within the footnote.

In *United States v. Essig*, 10 F.3d 968, 973 (3rd Cir., 1993), the Court held that a court need not consider *pro se* motions filed by a Defendant who is represented by counsel.

In *United States v. Vampire Nation*, 451 F.3d 189, 206 n. 17 (3d Cir. 2006), the Court noted: "We observe that the District Court docket is replete with *pro se* motions that Banks filed while represented by counsel. We note that the District Court, perhaps in an attempt to retain control of the proceedings in the face of the [defendant's] onslaught of *pro se* motions, ordered on March 8, 2005, that the Clerk of Court was not to accept any further *pro se* filings from Banks. The District Court was within its authority to do so."

Following the reasoning of *Young, Essig* and *Vampire Nation,* the undersigned then stated on the record of the hearing that, as he ruled on a previous *pro se* motion by Defendant, he would not permit defendants, who were not proceeding *pro se* or under the grant of hybrid representation, to file their own motions when those motions were not adopted by counsel. If permitted to do so, the Court and the government would be forced to respond in every instance to every motion whether spurious or otherwise. The undersigned therefore recommends denial of the motion to Suppress

as improvidently filed.

Next, the motion filed by Defendant was untimely. By initial scheduling order entered January 20, 2012 [DE 18] Defendant Brewer's motions were due by February 6, 2012. Responses to any motions filed were due February 16, 2012. For motions referred and requiring a hearing, a hearing dated of February 21, 2012. Defendant Brewer filed his pro se motion on March 8, 2012. Defendant's case is set for trial on March 20, 2012.

> Trial Courts have broad discretion in whether to grant or deny untimely motions. Ordinarily, when a district court denies a motion to file out of time, and thus declines to rule on the merits of the search warrant, we would refuse to entertain any challenge of it on appeal. *See United States v. Mangieri,* 694 F.2d 1270, 1283 (D.C.Cir.1982) (appellate review of district court's rejection of untimely motion "is limited"). *Compare also United States v. Ulloa,* 882 F.2d 41, 43 (2d Cir.1989) (failure to make timely motion constitutes waiver of that right even where trial court considers the merits), and *United States v. Oldfield,* 859 F.2d 392, 396 (6th Cir.1988) (issues raised in untimely motion to suppress are waived on appeal "even though the district court rules on the merits"), *with United States v. Vasquez,* 858 F.2d 1387, 1389 (9th Cir.1988) (when "district court considers and resolves an untimely suppression motion on its merits, we may review that decision on appeal"), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 978 (1989), and *United States v. Contreras,* 667 F.2d 976, 978 n. 2 (11th Cir.) (merits of suppression motion properly before court of appeals because district court entertained and ruled on merits), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982). However, we may reach the merits of the suppression issue if the district court committed clear error in denying the defendant's request to file out of time. *See, e.g., United States v. Jones,* 619 F.2d 494, 497 (5th Cir.1980) (district court abused its discretion in denying motion to suppress because "[g]overnment was not prejudiced by any delay"). United States v. Chavez, 902 F.2d 259, 262-263 (4th Cir. 1990).

Defendant's reason for untimely filing is that he was not aware of the facts surrounding the information he wishes to have suppressed until he received the United States' response to his prior motion to dismiss. Due to the simplicity of the motions, the United States is not prejudiced by the late filing or by permitting the matter to be heard on the merits. Out of an abundance of caution, the undersigned will discuss the merits of the motion rather than rest on a procedural default basis for

4

recommended denial.

The undersigned find the motion has no legal merit. Defendant first notes that, according to the discovery, "Trooper Smith assumed the lead of the investigation. He questioned Saunders, spoke with staff at FCI Gilmer, and gathered evidence from the Best Western Motel." Defendant contends that the State Trooper lacked jurisdiction to collect evidence and investigate an alleged Federal escape. Further, that he lacks jurisdiction to refer a criminal matter for prosecution regarding the issue of an alleged Federal escape, "as the Federal Bureau of Investigation had lead jurisdiction from the outset." Finally, he asserts that the BOP has arrest authority and shall assume the lead in the investigation of an alleged or actual escape until the FBI arrives.

Defendant attached Program Statements and Memoranda of Understandings between the FBI, United States Marshals, and Bureau of Prisons regarding violations of the Federal Escape and Rescue Statute. Defendant interprets these documents to mean that only these three agencies have any jurisdiction, role, and responsibility in the event of escape, and that a State officer therefore lacks jurisdiction to lead an investigation and collect evidence after an escape from a federal institution.

The Government attaches W.Va. Code section 15-2-12 to its Response. The Code section provides, in pertinent part:

> (a) The West Virginia State Police shall have the mission of statewide enforcement of criminal and traffic laws with emphasis on providing basic enforcement and citizen protection from criminal depredation throughout the state . . . .
>
> (b) The superintendent and each of the officers and members of the division are hereby empowered:
>
>> (1) To make arrests anywhere within the state of any persons charged with the violation of any law of this state, or of the United States, and when a witness to the perpetration of any offense or crime, or to the violation of any law of this state, or of the United states, to make

> arrests without warrant; to arrest and detain any persons suspected of the commission of any felony or misdemeanor whenever a complaint is made and a warrant is issued thereon for the arrest . . .
>
> (3) To cooperate with local authorities in detecting crime and in apprehending any person or persons engaged in or suspected of the commission of any crime, misdemeanor or offense against the law of this state, or of the United States . . . .

The government also attached W.Va. Code section 15-2-14, the oath for the West Virginia State Police, which provides, in pertinent part:

> I, . . . .do solemnly swear that I will support the Constitution of the United States [and] the Constitution of the State of West Virginia . . . .

Finally, the Government provides documentation of the agreement between the United States and the State of West Virginia whereby the two sovereigns share concurrent jurisdiction over the land upon which FCI Gilmer sits.

The undersigned finds Defendant reads too much into the documents he cites in his Motion. They provide that the SIS shall present each criminal matter to the Warden to determine whether it is to be referred to the appropriate Federal, state, or local law enforcement agency. They also provide that when a criminal case is referred to the U.S. Attorney's office for prosecution, the SIS shall notify the institution as to whether the case was accepted or declined.

The Memorandum of Understanding defines the specific jurisdiction, role, and responsibility of each of the three federal agencies in the event of escape. As among the three agencies, the FBI will have apprehension responsibility and investigative jurisdiction involving all inmates in BOP custody and who conspire to escape as well as inmates who have escaped and are a member of an organization which is the subject of an existing FBI National Security, FBI Organized Crime, or FBI Terrorism investigation. The Marshals Service will have apprehension responsibility and

6

investigative jurisdiction for all actual escapes, with the exception of organized crime, national security, terrorism, and certain pre-sentenced inmates noted above. In all cases, the BOP will conduct immediate apprehension activities (escape posts, etc.) in the community, until the outside agency having jurisdiction assumes investigative and apprehension responsibilities.

Although the attachments document the specific role of each of the three Federal agencies, notably, there is no mention that State and local law enforcement are prohibited from investigating escapes or even that a Federal Agency shall assume the lead in any investigation. Significantly, "The FBI shall . . . . [e]stablish and maintain investigative liaison with the USMS, the BOP and other Federal <u>and local law enforcement agencies</u> as appropriate." (Emphasis added). Further, once outside the actual physical boundaries of the federal institution, if the escapee is believed to be in State or local jurisdiction, it would go against the State Police responsibility for "providing basic enforcement and citizen protection from criminal depredation throughout the state." Finally, the undersigned finds it would defy common sense for State or local officers to be prohibited from investigating the possibility of a dangerous criminal at loose in their jurisdiction.

For all the reasons herein stated, the undersigned accordingly recommends Defendant Brewer's *pro se* motion to suppress [DE 35] be **DENIED**.

Any party may, by close of business Monday, March 19, 2012, or such other time as ordered by the District Judge, file with the Clerk of the Court written objections identifying the portions of the Memorandum Opinion/Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Memorandum Opinion/Report and Recommendation set forth above will result in waiver of the right to appeal from

a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 15th day of March, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE