# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    *Plaintiff*,

*vs*.　　　　　　　　　　　　　　　　　　　　　　　Criminal No. 1:12cr1

**HARVEY J. BREWER and**
**TASHA SHELEKA SAUNDERS,**

    *Defendants*.

## MEMORANDUM OPINION/REPORT AND RECOMMENDATION

On March 8, 2012, Defendant, Harvey J. Brewer, through counsel, Katy J. Cimino, filed a "Motion *In Limine* to Exclude Video and Still Photographs from the Best Western Hotel" [D.E. 39]. The United States filed is Response to the Motion on March 14, 2012 [D.E. 48]. Defendant Tasha Sheleka Saunders, through counsel Edmund Rollo, filed a "Motion to Join in Defendant Brewer's Motion in Limine to Exclude Video and Photographs from the Best Western Hotel" on March 14, 2012 [D.E. 49]. The Motion to Join was granted on March 15, 2012 [D.E. 50].

On March 15, 2012, came the Defendants, in person, and by counsel Katy Cimino and Edmund Rollo, and also came the United States by her Assistant United States Attorney, Brandon S. Flower, for a Final Pretrial Conference and hearing on motions.

In their motion, Defendants request the Court disallow the video and still photographs taken from the video at issue at trial. The video is approximately five seconds in length, and is a combination of two clips from a security camera located on the third floor of the hotel. The Court has reviewed the video along with the still photographs taken from the video. These allegedly depict both defendants at the Best Western Hotel.

Defendants argue that the video is inadmissible because it cannot be entirely authenticated pursuant to Rule 901 of the Federal Rules of Evidence. First, because the video is a compilation. Second, because it contains no date or time. Defendants argue the Government therefore cannot establish that the video depicts events on or about August 28, 2010, when Defendant Brewer allegedly escaped with the assistance of Defendant Saunders.

Defendants further argue the video and photographs should be excluded because they violate Rule 403 of the Federal Rules of Evidence. Defendants argue the video possesses no probative value, as it fails to clearly show the male subject. He appears in the video as a dark-complected man with a shaved head, wearing a white shirt. There are no recognizable facial features or other distinguishing characteristics. The video therefore invites the jury to speculate that the man in the video must be Defendant.

The United States cites Federal Rule of Evidence (F.R.E.) 901, which provides:

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

This "evidence" can consist of testimony of a witness with knowledge, that the evidence is what it is claimed to be. In United States v. Branch, 970 F.2d 1368 (4th Cir. 1992), the Fourth Circuit explained simply that "[b]efore admitting evidence for consideration by a jury, the district court must determine whether its evidence is authentic." "The burden to authenticate under Rule 901 is not high – only a prima facie showing is required." United States v. Vidacak, 553 F.3d 344 (4th Cir. 2009). Establishing a formal chain of custody of evidence is no longer required. Rather, it is sufficient for the party offering the evidence simply to satisfy the trial court that the item is what it purports to be and has not been altered. United States v. Howard-Arias, 679 F.2d 363 (4th Cir.

1982).

The United States represents that although the video itself does not contain a date and time, there is a date and time stamp for the first clip, according to Mr. Hacker, the night manager at the hotel when the alleged escape occurred, and who provided the video to the Government. Mr. Hacker advised that the file name of the video is 20100818002236.avi, and that file name indicates the date of the video is August 28, 2010, and the time is 12:22:36 a.m. Therefore, the United States argues that authentication of the first clip is shown under F.R.E. 901(b)(9), which states that authentication may be shown by "[e]vidence describing a process or system used to produce a result and showing that the process or system produces an accurate result." The United States states that it will offer the testimony of Mr. Hacker to support this contention.

The United States concedes that it cannot pinpoint the date and time of the second clip from the clip itself; however, the United States represents that the second clip on the video can be authenticated as the video surveillance system is motion activated. The United States proposes to offer the testimony of Mr. Hacker and Trooper Smith that the second video clip occurred subsequent to the first clip with no other video recorded between the two. Therefore there was no motion detected between the first and second clips. Trooper Smith will also testify that both clips were necessarily recorded between 12:22, the time stamp for the first clip, and 2:10, the time that Defendant Saunders was stopped on the road behind the camp. Trooper Smith will testify that he went to the Best Western and viewed both clips prior to Defendant Saunders' release. The second clip therefore could not have been recorded, as Defendant argues, after her release.

Admission into evidence of tape recordings is committed to the sound discretion of the trial

court.  See, e.g., United States v. Collins, 372 F.3d 629 (4th Cir. 2004).  The trial court's broad discretion extends to its determination that a proper foundation has been laid, that is, that the tape recordings . . . have been properly "authenticated."  U.S. v. Wilson, 115 F.3d 1185 (4th Cir. 1997).

In United States v. Branch, 970 F.2d 1368 (4th Cir. 1992), the Fourth Circuit approved a pretrial *in camera* hearing to consider authenticity of certain tape recordings to be introduced later at trial.  The court emphasized that this does not relieve the government of presenting sufficient authenticating evidence to the jury at trial, but simply streamlines the process and assures no prejudicial evidence reached the jury. That is the procedure the undersigned has followed in this case, except the hearing was not *in camera*.

Based on all of which, the undersigned finds the video clips and still photographs are admissible if authenticated at trial by the witness testimony and timelines as represented by the United States.

Defendants further argue that the video and photographs must be excluded under F.R.E. 403, because their probative value is subsequently outweighed by the danger of unfair prejudice or misleading the jury.  First, Defendants argue the materials are not relevant because it is nearly, if not totally impossible to identify the male in the video or photos.  Further, the evidence is not trustworthy because they do not show any identifying or characteristic features.  The Government has no information besides the video and photos as to the identity of the male.  In fact, the Government's contention that the male is African American and bald cannot be proved from the materials.  The male in the video has a dark complexion, but could be Brazilian, Native American, Middle Eastern or any of a number of ethnic backgrounds.

> F.R.E. 403 provides:
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Generally speaking, the trial court's Rule 403 balancing is shown broad deference, and will be overturned on appeal only under the most exceptional circumstance. See, e.g., U.S. v. Myers, 280 F.3d 407 (4th Cir.) cert denied, 537 U.S. 852 (2002). In considering Rule 403 challenges, the Fourth Circuit attributes great weight to the curative power of cautionary jury instructions. See, e.g., U.S. v. Van Metre, 150 F.3d 339 (4th Cir. 1998).

The undersigned finds the video and photographs are relevant and their probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by the considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

For all the reasons herein stated, the undersigned accordingly recommends Defendants' Motion in Limine to Exclude Video and Still Photographs from the Best Western Hotel [D.E. 39] be **DENIED**, provided the United States presents the testimony necessary to properly authenticate the materials at trial.

Any party may, by close of business Monday, March 19, 2012, or such other time as ordered by the District Judge, file with the Clerk of the Court written objections identifying the portions of the Memorandum Opinion/Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Memorandum Opinion/Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208

(1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Dated: March 15, 2012

s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE